UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THOMAS L. MCCOMBS II, as surviving parent and administrator of the Estate of THOMAS L. MCCOMBS III, LATIA WILLIAMS, as next best Friend of IW; and DANIELLE HOOD, as next best friend of SH and LRH, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV424-202 |
| ISAAC BROWN and AVERITT EXPRESS, INC., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs have filed a Motion to File Under Seal seeking leave to file a Motion to Approve the Settlement for a Minor permanently under seal. Doc. 45. Defendants consent to the sealing request. *Id.* at 1. However, the Court still must determine whether sealing is appropriate, since "the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access." *Usry v. EquityExperts.org, LLC*, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).

1

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356,

1363 (11th Cir. 2021) (internal citation and quotations omitted). The Motion to Approve the Settlement for a Minor is a judicial record subject to the public's right of access. *Cf. Clark v. Bamberger*, 2016 WL 1183180, at *2 (M.D. Ala. Mar. 28, 2016).

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the

3

records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Plaintiff's motion seeks to file the Motion to Approve Settlement of a Minor under seal for four reasons: "(1) a confidentiality agreement regarding the settlement at issue as required by the terms of the proposed settlement; (2) the recipients being minors; (3) the annuity/trust information being disclosed; and (4) the minors' right to privacy outweighs the public's interest." Doc. 45 at 1. As to the first justification, the parties' agreement that the settlement terms be kept confidential is not enough. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("It is immaterial whether the sealing of the record is an integral part of a negotiated settlement agreement between

4

the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); *Eiqenberer v. Tokyo Statesboro GA, LLC*, 2018 WL 2065942, at *2 (S.D. Ga. May 3, 2018) ("[T]he Court needs far more than the parties' agreement that the settlement agreement should be sealed.").

As to the remaining points, Plaintiff is correct that the privacy interests of children are compelling. *See Willis v. United States*, 2019 WL 7194599, at * 2 (S.D. Ga. Dec. 26, 2019); *Eigenberger*, 2018 WL 2065942, at *2; *see also Clark*, 2016 WL 1183180, at *2 ("Protecting the privacy of minors is undoubtedly an important concern."). However, to weigh in favor of keeping information about minors sealed, the information generally must be more than the amount of money received in a settlement. *See Wilson*, 759 F.2d at 1571 n.4. For example, a minor's privacy interest is more compelling when the documents would "expose confidential educational, medical, or mental-health information." *Clark*, 2016 WL 1183180, at *3.

A review of the proposed sealed Motion to Approve the Settlement for a Minor, submitted for *in camera* review, shows that it predominately

5

recounts the facts of the incident underlying this litigation, which do not include any reference to the minors, and which are already a matter of public record.  *See* doc. 1-1.  It also includes the total settlement amount, the allocation of that settlement amount and information about proposed annuities.  There is no argument that these are the types of things that justify sealing.  As the Eleventh Circuit has explained, while "[t]here is no question that courts should encourage settlements . . . the payment of money to an injured party is simply not 'a compelling governmental interest' legally recognizable or even entitled to consideration in deciding whether or not to seal a record." *Wilson*, 759 F.2d at 1571 n.4; *see also Clark*, 2016 WL 1183180, at *3 (rejecting the argument that a court should keep a settlement agreement confidential simply to avoid discouraging future settlements).  Therefore, the Motion to Seal does not sufficiently justify filing the entirety of the Motion to Approve the Settlement for a Minor under seal.

The only information that does appear subject to sealing, at least based on the record currently before the Court, is the minor children's identities.  Federal Rule of Civil Procedure 5.2 offers minors in federal court a barrier of protection by requiring use of minors' initials in all

public documents. Here, the parties might redact the portions of the Motion to Approve the Settlement for a Minor that identify the minors to protect their privacy under the Federal Rules. Such a redacted filing would not need prior Court approval. *See* Fed. R. Civ. P. 5.2(a)(3). If the parties are not satisfied with filing a redacted version, they may renew their request to file the Motion under seal, but they must provide additional information and argument to support the requisite good cause finding. For now, the Motion is **DENIED**. Doc. 45.

**SO ORDERED**, this 29th day of October, 2025.

                                    _____
                                    CHRISTOPHER L. RAY
                                    UNITED STATES MAGISTRATE JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA